IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | 01:19-CR-00250-ELR-LTW |
| | * | |
| KENDRIC SIMMONS, | * | |
| Defendant. | * | |

**O R D E R**

This matter is before the Court for consideration of Magistrate Judge Linda T. Walker's Report and Recommendation ("R&R") [Doc. 37] that Defendant's Motion to Suppress [Doc. 15] be denied. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections. [Doc 39]. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

**I. Standard of Review**

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district

judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.  A party objecting to an R&R "must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted.).  If there are no specific objections made to factual findings made by the magistrate judge, there is no requirement that those findings be reviewed de novo. Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993).  In accordance with 28 U.S.C. § 636(b)(1)(C), and Rule 59 of the Federal Rules of Criminal Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Defendant objects and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

## II. Discussion

Defendant raises several objections to the Magistrate Judge's findings.  The Court has considered each objection in turn and finds the Magistrate Judge's factual and legal conclusions are correct, with one clarification.  Judge Walker found that the issue of suppressing Defendant's statement to Cobb County Police Officer Michael Finks wherein Defendant purportedly claimed ownership of a bag of marijuana was not properly before the Court because it was not raised in Defendant's pre-hearing

brief, nor was evidence surrounding the statement factually developed or presented at the suppression hearing. (Doc. 37 at 17).  Judge Walker further noted that this issue is likely moot because Defendant is not charged with possession of marijuana found in the SUV in which he was riding.  (Id., note 8).  While the Court does adopt Judge Walker's finding here based on what was presented to her, the Court nevertheless finds it appropriate to further consider evidence of the circumstances surrounding the statement, especially in the event that the Government intends to use it.  Thus, the Court will consider a motion in limine if filed, related to Defendant's statement made to Officer Finks.[1]

### III. Conclusion

Accordingly the Court **OVERRULES** Defendant's Objections and **ADOPTS** the R&R as the Opinion and Order of this Court and **DENIES** Defendant's Motion to Suppress. [Doc. 15].

**SO ORDERED**, this 12th day of August, 2020.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

[1] Should Defendant announce that he intends to proceed to trial, the Court will issue an order containing deadlines for filing trial motions, including those for motions in limine.